JANE ANDREWS, Plaintiff, v. ANTHONY J. ANDREWS, Defendant.

Supreme Court, Special Term, Queens County, May 26, 1950.

*Paul C. Ludwig, Jr.,* for plaintiff.

*Sidney Paymer* for defendant.

HALLINAN, J. Motion to confirm the report of the referee is granted only to the extent that it finds the defendant to be in default in the payment of alimony in the sum of $2,560. This court may not, however, punish the defendant for his default. Section 1172 of the Civil Practice Act provides in pertinent part that: " Where the husband * * * makes default in paying any sum of money as required by the judgment or order directing the payment thereof, *and it appears presumptively * * * that payment cannot be enforced by means of the sequestration of his property* * * * the court, in its discretion, may make an order requiring the husband to show cause before it at a time and place therein specified why he should not be punished for his failure to make the payment * * *." (Emphasis supplied.) The referee having expressly found that " the defendant is the owner of various properties," it cannot be said that it " appears presumptively * * * that payment cannot be enforced by means of the sequestration of his property." Consequently, plaintiff's motion to punish the defendant for contempt must be denied without prejudice to its renewal should plaintiff find that the property of the defendant is insufficient to satisfy the arrears in alimony.

With respect to defendant's cross motion for reduction of alimony, it sufficiently appears from the minutes of the hearing held before the referee that the defendant has not suffered such a change in financial circumstances as warrants granting the relief sought. Accordingly, his motion is denied.

Plaintiff is allowed a counsel fee of $100, in addition to disbursements of $29.20, all of which is payable one half within ten days after service of a copy of the order to be entered hereon with notice of entry, and one half within thirty days thereafter.

Submit order.